[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
October 12, 2007
THOMAS K. KAHN
CLERK

_____

No. 07-10591
Non-Argument Calendar

_____

D. C. Docket No. 06-00009-CR-001-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

NOEL MENDOZA,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Georgia

_____

**(October 12, 2007)**

Before BLACK, MARCUS and WILSON, Circuit Judges.

PER CURIAM:

Noel Mendoza appeals his 120-month sentence for 1 count of distribution of over 500 grams of cocaine hydrochloride, in violation of 21 U.S.C. § 841(a)(1). Mendoza argues that the district court erred in applying an enhancement to his base offense level under the Sentencing Guidelines for obstruction of justice under U.S.S.G. § 3C1.1 based on letters he wrote to the government's cooperating witness. Mendoza further contends that the district court clearly erred in its denial of an acceptance of responsibility reduction to his offense level, under U.S.S.G. § 3E1.1. Finally, Mendoza asserts that the district court imposed an unreasonable sentence under the factors of 18 U.S.C. § 3553(a).

I. BACKGROUND      On December 15, 2005, a government cooperator agreed to initiate a controlled purchase of cocaine hydrochloride from his source. After the cooperator initiated his request for the contraband, Mendoza, his wife, and a male accomplice arrived by car at the cooperator's residence whereupon agents arrested the trio and recovered over 500 grams of cocaine hydrochloride from the vehicle. The cooperator indicated that he had bought cocaine from Mendoza on four other occasions.

While incarcerated and awaiting his sentencing hearing, Mendoza wrote two letters to the government's cooperator, the first on May 2, 2006, and the second, on May 22, 2006. The first letter, in part, accused the cooperator of lying to

authorities, informed the cooperator that his actions had destroyed Mendoza's life, and stated that "[t]here's a saying that 'snitches get stiches [sic].'" The second letter requested the cooperator to write a statement that "me and my wife never sold you any kilo's."

Mendoza contended that a fellow inmate wrote the letters and, based on his limited English-language skills, he did not adequately understand the letters. Mendoza nonetheless admitted to approving the letters as written. Mendoza further contended that his intent was not to threaten the government's witness; rather, he only wanted the cooperator to elicit a statement that he and his wife merely served as interpreters, not as a principal source of the narcotics.

In addition to the letters, the government presented testimony that Mendoza had released portions of the Presentence Investigative Report ("PSI") that detailed the cooperator's status as an informant.

## II. DISCUSSION

After the Supreme Court's opinion in *United States v. Booker*, 543 U.S. 220, 125 S. Ct. 738, 160 L. Ed. 2d 621 (2005), we review sentences for reasonableness, with the Guidelines applied as advisory. *United States v. Talley*, 431 F.3d 784, 785 (11th Cir. 2005). The district court must follow a two-step process to determine a defendant's sentence by: (1) consulting the Guidelines and correctly calculating the

guideline range; and (2) considering the factors under 18 U.S.C. § 3553(a).

*Talley*, 431 F.3d at 786.

*I. Obstruction of justice enhancement*

We review a district court's factual finding to support an enhancement to a

defendant's offense level for obstruction of justice under U.S.S.G. § 3C1.1 for

clear error. *United States v. Massey*, 443 F.3d 814, 818 (11th Cir. 2006); *United*

*States v. Singh*, 291 F.3d 756, 763 (11th Cir. 2002). We review the application of

law to those facts *de novo*. *Singh*, 291 F.3d at 763 (citation omitted). We "accord

great deference to the district court's credibility determinations." *Id.* (quotation

and citation omitted). Section 3C1.1 of the Sentencing Guidelines provides:

> If (A) the defendant willfully obstructed or impeded, or attempted to
> obstruct or impede, the administration of justice with respect to the
> investigation, prosecution, or sentencing of the instant offense of
> conviction, and (B) the obstructive conduct related to (i) the defendant's
> offense of conviction and any relevant conduct; or (ii) a closely related
> offense, increase the offense level by 2 levels.

U.S.S.G. § 3C1.1.

An example of conduct covered by this enhancement includes, "threatening,

intimidating, or otherwise unlawfully influencing a . . . witness . . . directly or

indirectly, or attempting to do so." U.S.S.G. § 3C1.1, comment. n.4(a). Generally,

the government bears the burden of establishing by a preponderance of the

evidence the facts necessary to support a sentencing enhancement. *United States v.*

4

*Cataldo*, 171 F.3d 1316, 1321 (11th Cir. 1999).

In this case, the district court reviewed the letters written to the government's cooperator on Mendoza's behalf, as well as two separate letters written by Mendoza to the judge. Further, the district court listened to Mendoza speak in English, observed Mendoza's actions, and considered the entirety of the record before it. The court found that Mendoza: (1) had a "greater ability to communicate and express himself than most defendants that [come before the court];" (2) "expresse[d] himself well and clearly in both English and Spanish;" (3) showed no indication of "confusion or a misunderstanding on his part;" and (4) was "not a man who is timid in his communications or sophomoric in his communications." In light of these findings, the court concluded that Mendoza intended his letters to be "a not so veiled threat."

Furthermore, after considering the evidence relating to the release of the PSI, the district court found that the only reasonable inference of the evidence was that Mendoza "released portions of a copy of his presentence report." Based on the record evidence before it, the district court cannot be said to have clearly erred in applying an obstruction of justice enhancement under U.S.S.G. § 3C1.1.

II. *Acceptance of responsibility reduction*

We review "the district court's determination of acceptance of responsibility

only for clear error." *Singh*, 291 F.3d at 764 (quotation and citation omitted).

Section 3E1.1(a) of the Sentencing Guidelines provides "[i]f the defendant clearly

demonstrates acceptance of responsibility for his offense, decrease the offense

level by 2 levels." U.S.S.G. § 3E1.1(a). Under certain conditions and "upon

motion of the government," a defendant may receive an additional one-level

decrease. U.S.S.G. § 3E1.1(b). "The defendant bears the burden of clearly

demonstrating acceptance of responsibility and must present more than just a guilty

plea." *United States v. Sawyer*, 180 F.3d 1319, 1323 (11th Cir. 1999); *see also*

*United States v. Shores*, 966 F.2d 1383, 1388 (11th Cir. 1992) (holding that an

admission of involvement in the crime alone does not necessarily amount to an

affirmative acceptance of responsibility). "Conduct resulting in an enhancement

under § 3C1.1 (Obstructing or Impeding the Administration of Justice) ordinarily

indicates that the defendant has not accepted responsibility for his criminal

conduct. There may, however, be extraordinary cases in which adjustments under

both §§ 3C1.1 and 3E1.1 may apply." U.S.S.G. § 3E1.1, comment. (n.4). "The

sentencing judge is in a unique position to evaluate a defendant's acceptance of

responsibility. For this reason, the determination of the sentencing judge is entitled

to great deference on review." U.S.S.G. § 3E1.1, comment. (n.5).

In this case, the district court did not clearly err in denying Mendoza an

adjustment for acceptance of responsibility. Mendoza primarily relied on his guilty plea, which is clearly insufficient under *Sawyer* and *Shores*. Moreover, in light of the obstruction of justice enhancement and Mendoza's failure to show extraordinary circumstances, the district court did not err, much less clearly err, in deciding that the acceptance of responsibility reduction was unwarranted. *See Singh*, 291 F.3d at 765 (holding that defendant, who had received an obstruction of justice enhancement, failed to show extraordinary circumstances).

Mendoza also argued that the court incorrectly applied a 3-level enhancement in denying the acceptance of responsibility. This argument is without merit. Mendoza's baseline offense level was 28 and the only enhancement applied by the court was the 2-level obstruction of justice, giving Mendoza a total offense level of 30.

### III. Reasonableness of sentence

As stated above, we review sentences for reasonableness, with the Guidelines applied as advisory. *Talley*, 431 F.3d at 785. "[N]othing in Booker or elsewhere requires the district court to state on the record that it has explicitly considered each of the § 3553(a) factors or to discuss each of the § 3553(a) factors." *United States v. Scott*, 426 F.3d 1324, 1329 (11th Cir. 2005). The factors in 18 U.S.C. § 3553(a) include the following:

(1) the nature and circumstances of the offense and the history and characteristics of the defendant; (2) the need to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense; (3) the need for deterrence; (4) the need to protect the public; (5) the need to provide the defendant with needed educational or vocational training or medical care; (6) the kinds of sentences available; (7) the Sentencing Guidelines range; (8) pertinent policy statements of the Sentencing Commission; (9) the need to avoid unwanted sentencing disparities; and (10) the need to provide restitution to victims.

*Talley*, 431 F.3d at 786 (citing 18 U.S.C. § 3553(a)). Although we have rejected a *per se* rule, we explained that a sentence within the applicable guideline range has the expectation of reasonableness. *Id.* at 788. Review for reasonableness is deferential, and there are a range of sentences that are reasonable. *Id.* The party who challenges the sentence has the burden of proving that the sentence is unreasonable in light of the record and the § 3553(a) factors. *Id.*

In this case, the district court did not impose an unreasonable sentence. The court correctly calculated Mendoza's guideline imprisonment range, addressed Mendoza's arguments, and considered the factors in 18 U.S.C. § 3553(a). Mendoza complains that the sentence would have been much shorter had there been no obstruction of justice enhancement and had he received a reduction for acceptance of responsibility. This is undoubtedly true, but as shown above, the enhancement and denial of the reduction were not clearly erroneous, and Mendoza's argument does nothing to show that the sentence is unreasonable. We

accordingly hold that Mendoza's sentence was reasonable.

*IV. Conclusion*

Upon careful review of the entire record and the parties' briefs, we hold that the district court did not err in its sentencing calculations and imposed a reasonable sentence. We affirm Mendoza's sentence.

**AFFIRMED.**